

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor, Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-5986
Re: Whether Nueces County is
liable to the City of
Corpus Christi or the
Local Registrar for said
City the sum of fifty cents
for each birth and death
recorded in the Office of
the City Registrar.

   Your letter of April 18, 1944, requesting the opinion
of this department on the questions stated therein is, in part,
as follows:

   "* * * On the date of February 9, 1943 the City
of Corpus Christi passed an ordinance entitled, 'An
Ordinance Creating the Office of City Registrar of
Vital Statistics and Providing for the Registration
of Births and Deaths within the City of Corpus Christi,
Nueces County, Texas.'

   "Attached hereto find copy of letter from City
Attorney, I. M. Singer, addressed to C. J. Wilde,
County Auditor, Nueces County Texas which sets forth
the belief that Nueces County should pay to the City
of Corpus Christi the sum of fifty cents for each birth
and death recorded in the office of the City Registrar,
Corpus Christi, Texas.

   "This office is of the opinion that while the
ordinance as passed by the City Council of Corpus
Christi did not specifically set forth a stipulated
salary nor provide any compensation for the City
Registrar, would not the conclusion be, that the com-
pensation as City Secretary was such as to make it
unnecessary?  Or would Rule 53A which reads, 'Unless
Local Registrar <u>should be acting as Registrar of Births
and Deaths</u> in an incorporated City where the compensa-
tion of the Registrar is otherwise fixed by City Ordin-

ance,' be construed as meaning that the compensation received as City Secretary should compensate for the duties performed as Registrar of Births and Deaths, and for this reason no compensation was set out in the ordinance.

"In the event your opinion was that the City of Corpus Christi is entitled to a fee of fifty cents for each of the above registrations, should payment be made for such registration prior to February 9, 1943 the date said ordinance was passed by the City Council, also bearing in mind that the Ordinance did nothing more than merely create the office of City Registrar of Vital Statistics. Also would the payment be made (if at all) to the Local Registrar or to the City of Corpus Christi, assuming that the neglect of mentioning a specific salary was for the reason that the salary paid the City Secretary was considered sufficient to take care of the duties as Registrar of Vital Statistics?"

Rule 36A of Article 4477, Vernon's Annotated Civil Statutes, before being amended by House Bill No. 821, Acts of the 47th Legislature, 1941, Regular Session, read as follows:

"For the purpose of this act the State shall be divided into primary registration districts as follows:

"Each justice of the peace precinct and each incorporated town of twenty-five hundred or more population, according to the United States Census, shall constitute a primary registration district, provided the State Board of Health may combine two or more registration districts, or may divide the primary registration district into two or more parts so as to facilitate registrations, and in cities of twenty-five hundred or more, according to the last United States Census report, where births and deaths are registered in accordance with the city ordinance not to conflict with this Act, the City Clerk shall be the local registrar of births and deaths.

"It is hereby declared to be the duty of the justice of the peace and justice of the peace precinct, and the city clerk or city secretary in a city of twenty-

five hundred or more population to secure a complete record of each birth and death that occurs within their respective jurisdiction, and is required by this Act."

House Bill No. 821, supra, became effective June 17, 1941, and provides, in part, as follows:

"That Section 3 of Senate Bill No. 46, Chapter 41, page 116, Acts of the 40th Legislature, First Called Session, as amended by Senate Bill No. 20, Chapter 4, page 7, Acts of the 41st Legislature, First Called Session, be amended so as to hereafter read as follows:

"Sec. 3. For the purpose of this Act the State shall be divided into primary registration districts as follows:

"Each justice of the peace precinct and each incorporated town of two thousand five hundred (2,500) or more population, according to the last United States Census shall constitute a primary registration district, provided the State Board of Health may combine two or more registration districts, or may divide a primary registration district into two or more parts, so as to facilitate registration, and in the justice of the peace precinct the justice of the peace shall be local registrar, and in cities of two thousand five hundred (2,500) or more, according to the last United States Census reports, the city clerk or city secretary shall be the local registrar of births and deaths.

"It is hereby declared to be the duty of the justice of the peace or the justice of the peace precinct, and the city clerk or city secretary in a city of two thousand five hundred (2,500) or more, population, to secure a complete record of each birth and death that occurs within their respective jurisdiction, and have same recorded in the county clerk's office in their respective counties on or before the 10th of the following month."

Rule 53A, Article 4477, Vernon's Annotated Civil Statutes, pertains to fees for local registrars. It provides:

"That each local registrar shall be paid the sum of fifty (50¢) cents for each birth and death certificate properly and completely made out and re-gistered with him, and correctly recorded and prompt-ly returned by him to the State Bureau of Vital Statis-tics, as required by this Act, unless such local regis-trar shall be acting as a registrar of births and deaths in an incorporated city where the compensation of the registrar is otherwise fixed by city ordinance.

"The State Registrar shall annually certify to the county commissioners' court or county auditor, as the case may be, the number of births and death certi-ficates filed by each local registrar at the rate fixed herein, and provided that the State Registrar may ren-der such statements monthly or quarterly at the discre-tion of the State Board of Health, and the commissioners' court or county auditor, as the case may be, shall audit such statement and the county treasurer shall pay such fees as are approved by the commissioners' court or the county auditor, at the time such statement is issued.

"And provided further, that the justice of the peace, city clerk or secretary, and the appointed local registrar shall submit to the commissioners' court or county auditor, as the case may be, a true and accurate copy of each birth and death certificate filed with him, and such copies shall bear his file date and signature and shall be deposited in the county clerk's office.
* * *"

If the City of Corpus Christi has actually paid the City Registrar the fees provided by Rule 53A, supra, then Nueces County is not liable to the local registrar or the City of Corpus Christi for the registration fees. This proposition is discussed in our Opinion No. O-5594, a copy of which is enclosed for your convenience.

However, if the City Registrar has not been paid the fees provided by Rule 53A, and has legally served as local regis-trar under the provisions of Article 4477, then the county is liable to said local registrar for such fees. In no event is the county liable to the City of Corpus Christi for said fees. The compensation paid to the city clerk or secretary who acts as

local registrar, does not compensate him for his services as local registrar under Article 4477. The duties and obligations of a city clerk or secretary are separate and distinct ordinarily from those of a local registrar, although not necessarily incompatible and conflicting. Furthermore, the statute is explicit on the point that each local registrar shall be paid the sum of fifty cents for each birth and death certificate properly and completely made out and registered with him, and correctly recorded and promptly returned by him to the State Bureau of Vital Statistics, unless he comes within the exception contained in Rule 53A.

From the facts stated in your letter and the letter of the City Attorney, it is apparent that the city clerk or secretary serving as registrar of Vital Statistics receives a fixed salary. This salary is presumably compensation for the performance of duties and obligations of the office of city clerk or secretary. There is no mention of compensation in the form of salary or fees to the city clerk or registrar for the performance of duties and obligations of a registrar of Vital Statistics. This being true, as above stated, it is our opinion that the county is liable to said registrar for fees provided by Rule 53A, supra, where such registrar performs all duties and requirements imposed upon him as local registrar by Article 4477.

For a more detailed discussion of this proposition we refer you to our Opinion No. O-2308, a copy of which is enclosed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

MAY 3, 1940

Acting

AW:KP

Encls.

APPROVED
OPINION
COMMITTEE
BY CHAIRMAN